EMMERT ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF HARDIN COUNTY ET AL., APPELLEES.

[Cite as Emmert v. Bd. of Edn., 7 Ohio App. 2d 116.]

(No. 490—Decided June 18, 1966.)

*Messrs. Marsh & Minzing* for appellants.

*Mr. Frederick E. Markley,* prosecuting attorney, for appellees.

*Per Curiam.* This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Hardin County refusing to enjoin the Board of Education of Hardin County from completing the transfer of all the Ridgemont Local School District to the adjoining Kenton City School District. To understand the issues before this court a chronology of the undisputed facts is necessary.

On June 7, 1965, the respondent board of education adopted a resolution "that the board using Section 3311.231 R. C., state of Ohio, propose the transfer of the entire Ridgemont Local School District to the Kenton City School District, *with the reservation that the board of education request a referendum petition.*" (Emphasis added.)

On June 10, 1965, referendum petitions signed by electors residing in the area proposed to be transferred were filed and were certified on that date by the board of education to the Board of Elections of Hardin County for the purpose of having the proposal placed on the ballot to be voted at the November 1965 general election.

On July 20, 1965, Clay Van Atta and other electors of the Ridgemont Local School District filed an action (case number 29560) in the Common Pleas Court of Hardin County against the Hardin County Board of Education and the Hardin County Board of Elections seeking to enjoin the election and to require the board of education to adopt a resolution transferring "said Ridgemont School District as originally proposed," claiming that the referendum petitions were insufficient in that they were not verified by affidavit of the circulators. On July 24, 1965, certain resident electors of the Ridgemont School District were granted leave to become parties defendant, and thereupon these individuals and the board of education filed their respective demurrers to the plaintiffs' petition, on the grounds that the petition did not state a cause of action. On August 21, 1965, the defendant board of elections filed its answer to the petition. On August 30, 1965, the demurrer of the board of education was sustained and, the plaintiffs not desiring to plead over, the board of education was dismissed as a party defendant. At the same time and in the same judgment entry, the demurrer of the individual defendants was overruled as to the board of elections, and the individual defendants were given leave to answer on or before September 7, 1965, which they thereafter did.

On September 7, 1965, six named resident electors of the Ridgemont Local School District filed their petition in case No. 29599 (now herein appealed) in the Common Pleas Court of Hardin County against the Board of Education of Hardin County and its clerk, alleging a class action and, among other things, alleging the adoption of the resolution of proposed transfer of

June 7, 1965, containing the "reservation that the board of education request a referendum petition," and, for such and other reasons therein alleged, seeking to enjoin the defendant board of education "from making said transfer under the original motion of proposal to transfer and the subsequent motion to transfer, and for all other orders and relief as may be just and proper in the premises." Three of the named plaintiffs were defendants in case No. 29560. Although a temporary restraining order was also prayed for it does not appear that anything further was done to obtain same, and none was granted by the trial court.

On September 8, 1965, the Common Pleas Court entered its judgment in case No. 29560 finding the referendum petitions insufficient for the lack of circulators' affidavits and enjoined the board of elections from holding an election on the proposed transfer.

On September 13, 1965, the Clerk of the Hardin County Board of Education filed, for the first time, copies of the resolution of June 7th and maps of the territory proposed to be transferred with the Ridgemont and the Kenton City Boards of Education.

On September 15, 1965, the plaintiffs in case No. 29560 filed their notice of appeal on questions of law and fact "from the orders, judgments and decrees herein, and particularly the order made herein August 30, 1965, sustaining the demurrers of the defendants and dismissing the defendant Board of Education of Hardin County without day, as a party defendant, and from the order of the court making Phyllis Whetsel and other private persons parties defendant herein." The plaintiffs having prevailed in the judgment entered on September 8, 1965, enjoining the election, they did not, and could not, appeal therefrom, and no appeal has ever been perfected by anyone from that judgment.

On October 8, 1965, following a hearing of that appeal (case No. 488 in this court) on an order to show cause why the appeal should not be dismissed for want of a final appealable order and/or dismissed on questions of law and fact and retained on questions of law only, this court concluded and announced its decision, thereafter journalized on November 5, 1965, that the final judgment in case No. 29560 having been in

favor of the plaintiffs and it "not appearing * * * that the board of education will not now proceed to make such transfer, all of the issues which might have been considered by reason of the notice of appeal filed by the plaintiffs on September 15, 1965, have become moot," and thereupon ordered the appeal dismissed. That appeal having been made to this court primarily on a ruling on a demurrer, no bill of exceptions was filed, there was no evidence before this court, and its judgment was founded on what appeared in the transcript of docket and journal entries, including the allegation of the petition that "on the 7th day of June, 1965, the defendant, Hardin County Board of Education adopted a resolution which proposed the transfer of the Ridgemont Local School District to the Kenton City School District," and including the final judgment entered in favor of the plaintiffs subsequent to the order appealed from. There was not at that time anything before this court showing the conditional nature of the transfer proposal, nor was the conditional nature of the proposal considered by this court.

On October 11, 1965, the Hardin County Board of Education adopted its resolution "that the whole of the Ridgemont Local School District, located in Hardin and Logan Counties, Ohio, be and the same is hereby transferred to the Kenton City School District, Hardin County, Ohio as originally proposed by this board on June 7, 1965, said transfer to be effective June 30, 1966," and by its resolution directed its clerk to do all the things necessary to the completion thereof according to law. On October 12, 1965, he forwarded a copy of the resolution to the Kenton City Board of Education, which board adopted a resolution of acceptance on October 12, 1965, and such acceptance was immediately communicated to the Clerk of the Hardin County Board of Education. On October 28th he filed an accurate map showing the boundaries of the territory transferred with the County Auditors of Hardin County and Logan County and with the State Board of Education.

On April 1, 1966, on the issues joined and on the evidence adduced, the Court of Common Pleas entered its judgment in case No. 29595 for the defendant board of education and dismissed the plaintiffs' petition. It is from this judgment that notice of appeal to this court was filed by the plaintiffs on April 14, 1966, and the cause is now before this court for trial *de novo*

on the transcript of evidence adduced in the Court of Common Pleas.

The relevant facts, as hereinbefore recited, are clear and undisputed, and the only issue raised by the pleadings and the evidence is whether there has been sufficient compliance with the provisions of Section 3311.231, Revised Code, for the transfer proceedings to be valid. Subordinate to this issue, and ignoring other subordinate issues which the plaintiffs have raised, is the critical issue of whether the resolution of October 11, 1965, purporting to make the transfer of the school territory is void because the resolution of June 7, 1965, purporting to propose the transfer included the words, "with the reservation that the board of education request a referendum petition." Until presented in the trial court in the case which is now here on appeal (case No. 490 in this court), no court has had in issue or has passed upon the effect of the quoted "reservation."

Section 3311.231, Revised Code, governing transfer proceedings of the type here involved provides, in pertinent part, as follows:

"A county board of education may propose, by resolution adopted by majority vote of its full membership, or qualified electors of the area affected equal in number to not less than fifty-five per cent of the qualified electors voting at the last general election residing within that portion of a school district proposed to be transferred may propose, by petition, the transfer of * * * all of one * * * local school districts within the county * * * to an adjoining city * * * school district.

"A county board of education adopting a resolution proposing a transfer of school territory under this section shall file a copy of such resolution together with an accurate map of the territory described in the resolution, with the board of education of each school district whose boundaries would be altered by such proposal. Where a transfer of territory is proposed by a county board of education under the provisions of this section the county board shall, at its next regular meeting that occurs not earlier than the thirtieth day after the adoption by the county board of the resolution proposing such transfer, adopt a resolution making the transfer as originally proposed unless, prior to the expiration of such thirty-day period, qualified electors residing in the area proposed to be transferred,

equal in number to a majority of the qualified electors voting at the last general election, file a petition of referendum against such transfer.

" * * *

" * * * If the proposed transfer be approved by at least a majority of the electors voting on the proposal, the county board of education shall make such transfer at any time prior to the next succeeding July 1, subject to the approval of the receiving board of education in case of a transfer to a city * * * school district * * * .

"Where a territory is transferred under the provisions of this section to a city * * * school district the board of education of such district shall * * * within thirty days following receipt of the proposal, either accept or reject the transfer.

" * * *

"Upon the acceptance of territory by the receiving board or boards of education the county board of education offering the territory shall file with the county auditor of each county affected by the transfer and with the state board of education an accurate map showing the boundaries of the territory transferred.

" * * * ."

It is readily apparent from the foregoing provisions that an election on a transfer proposal occurs only when a petition has been filed by the requisite number of qualified electors favoring and proposing a transfer or when a referendum petition has been filed by the requisite number of qualified electors opposing a transfer proposed by the county board of education. In no event does a county board of education, on its own initiative, have the power or authority to submit a transfer proposed by it to the vote of the qualified electors residing in the area proposed to be transferred. Nor does a county board of education have the authority to adopt a resolution *making* a transfer unless there has been a favorable vote upon a proposed transfer or unless a transfer proposed by the county board of education has not been subjected to a referendum petition.

In our opinion it was not within the contemplation, or intent, of the Legislature that a county board of education should, as it attempted to do here, place qualifications or conditions upon a transfer proposal. Although perhaps somewhat inartfully

phrased, it is apparent that the board intended that, for its transfer proposal to be effective, it must be submitted to the electors. Since it was not submitted to the electors we do not comment upon the efficacy of the resolution had such been the case and the vote resulted favorably to the transfer. However, there was no election on the transfer proposal here. We can only reasonably conclude that in the absence of a referendum election the board had no intention of proposing a transfer of territory, and that its resolution, so qualified and conditioned, did not constitute ''a resolution proposing a transfer of school territory under'' Section 3311.231.

The resolution of June 7, 1965, not constituting a valid resolution proposing a transfer, it could not support the resolution of October 11, 1965, or any other transfer proceedings, and all the transfer proceedings were, and are, void and of no effect. Such conclusion requiring a finding and decree in plaintiffs' favor, we find it unnecessary to determine, and do not determine, any of the other issues of illegality raised by the plaintiffs.

The defendants have made claim that the plaintiffs have been dilatory in pursuing their remedy, particularly in that they did not obtain a ruling of the Common Pleas Court on their prayer for a temporary injunction at the time their petition was filed. It will be observed, however, that this injunction action was filed on September 7, 1965, more than a month before the defendant board adopted the resolution purporting to make the transfer and, for aught that appears in the record, was pursued with due diligence thereafter.

The transfer proceedings being void and of no effect, no transfer has been accomplished and unless and until other effective action is taken the Ridgemont Local School District shall continue to exist on and after June 30, 1966, as if no transfer action had ever been taken. The defendant board of education is, however, permanently enjoined from doing anything to effect the transfer of that school district based on the resolution of June 7, 1965, purporting to propose its transfer.

*Judgment and decree accordingly.*

YOUNGER, P. J., GUERNSEY and MIDDLETON, JJ., concur.